lml

lml

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CLARENCE MORTION,** )<br>)<br>　　　　**Plaintiff,** )<br>)<br>　　vs. )<br>)<br>**EAGLE SUPPORT SERVICES** )<br>**CORPORATION, JOHN AND JANE** )<br>**DOE I-X,** )<br>)<br>　　　　**Defendants.** )<br>_____ ) | Case No. 10-4018-JAR |

## MEMORANDUM AND ORDER

Clarence Mortion brings suit against Eagle Support Services Corporation ("Eagle") and John and Jane Doe I-X alleging defamation under Kansas law.[1] This matter comes before the Court on Eagle's Motion to Dismiss (Doc. 5). For the reasons stated below, the Court denies Eagle's motion without prejudice, and directs plaintiff to file an amended petition.

### *Legal Standards*

Defendant seeks dismissal of the Petition under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[2] Under this standard, "the mere metaphysical possibility that some plaintiff could prove some set

---

[1](Doc. 1.) Eagle removed this action from the District Court of Geary County, Kansas pursuant to 28 U.S.C. § 1441(a).

[2]*Bell Atl. Corp v. Twombly*, 550 U.S 544, 554 (2007).

of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[3] The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.[4] As the Supreme Court recently explained, "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[5] Additionally, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[6]

On a Rule 12(b)(6) motion, a court judges the sufficiency of the complaint accepting as true the well-pleaded factual allegations and drawing all reasonable inferences in favor of the plaintiff.[7] These deferential rules, however, do not allow a court to assume that a plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."[8] The facts narrated by the plaintiff must at least outline or adumbrate a

---

[3]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[4]*Robbins v. Oklahoma,* 519 F.3d 1242, 1247-48 (10th Cir. 2008). "'Plausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Id.* (internal citations omitted).

[5]*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555, 557).

[6]*Id*.

[7]*Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir. 1987).

[8]*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983) (footnote omitted).

viable claim in order to "pass Rule 12(b)(6) muster."[9] Dismissal is a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interests of justice.[10]

If the court on a Rule 12(b)(6) motion looks to matters outside the complaint, the court generally must convert the motion to a Rule 56 motion for summary judgment.[11] It is

> accepted practice that, 'if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claims, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss.' If the rule were otherwise, a plaintiff with a deficient claim could survive a motion to dismiss simply by not attaching a dispositive document upon which the plaintiff relied.[12]

In this case, plaintiff attaches an affidavit purporting to provide additional and more specific information about defendant's statements contained in a report of the investigation of his claim.[13] Because the issue before the Court turns on the sufficiency of the allegations in plaintiff's Petition, the Court does not consider this affidavit in resolving defendant's motion to dismiss.

*Factual Background*

Plaintiff's Petition is summarized as follows:

Plaintiff claims that Eagle intentionally and knowingly made false, defamatory, libelous and slanderous statements concerning plaintiff to plaintiff's employer with the intention of defaming plaintiff, causing plaintiff to be terminated from his employment, and damaging

---

[9]*Mounkes v. Conklin*, 922 F. Supp. 1501, 1506 (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988)).

[10]*Id.*

[11]*Dean Witter Reynolds, Inc. v. Howsam*, 261 F.3d 956, 961 (10th Cir. 2001).

[12]*Id.* (quoting *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384-85 (10th Cir. 1997)).

[13](Doc. 7.)

plaintiff's future employment prospects in the United States Civil Service. Plaintiff alleges that Eagle, through its agents, falsely and intentionally stated to plaintiff's employer that plaintiff committed conduct unbecoming a manager and supervisor with respect to Eagle's personnel. Plaintiff claims he first learned of the false and defamatory statements on November 25, 2008. Plaintiff claims that, as a result of these statements, he was damaged when he was removed from his position and placed in a different position with lower pay and benefits.

*Discussion*

Defendant argues that the Court should dismiss plaintiff's Petition under Rule 12(b)(6) because it does not sufficiently identify the substance of the alleged defamatory statements, who made the statements, to whom the statements were made and when the statements were made. Plaintiff responds that discovery is not complete and at this point in the litigation, he cannot exhaustively state how many were involved in the "scheme to get Plaintiff fired at Ft. Riley."

Whether a state law claim has been sufficiently pled in a federal diversity case is a procedural question governed by Fed. R. Civ. P. 8.[14] In the context of a defamation claim, Rule 8(a) requires that the complaint provide sufficient notice of the communications complained of to allow a defendant to defend itself.[15] Defamation claims present a "significant exception" to general liberal pleading standards because defamation constitutes a "traditionally disfavored" cause of action.[16] To sufficiently plead his defamation claim, plaintiff must set forth in his petition the allegedly defamatory words, the communicator of those words, the persons to whom

---

[14]*Bushnell Corp. v. ITT Corp.*, 973 F. Supp. 1276, 1287 (D. Kan. 1997).

[15]*McGeorge v. Cont'l Airlines, Inc.*, 871 F.2d 952, 955 (10th Cir. 1989).

[16]*Bushnell*, 973 F. Supp. at 1287.

4

those words were published and the time and place of publication.[17]

Plaintiff's claim for defamation does not provide sufficient notice of the information necessary to permit defendant to evaluate its available defenses. There is no identification of the statements made, who made them, or when they were made. Although discovery is not complete, that is not a prerequisite to filing a Rule 12(b)(6) motion, which is predicated solely on the sufficiency of the pleadings.[18] The Court notes that this case has been on file since November 25, 2009, and that an Order for Inspection and Reproduction of Fort Riley Records was recently entered, granting plaintiff access to the investigations of plaintiff and related documents.[19] Accordingly, defendant's Motion to Dismiss is denied without prejudice. Plaintiff is allowed twenty-one (21) days from the date of this order to amend his Petition to cure any defects, setting forth with specificity the identity of the person(s) who made the statement, the alleged statement that was made, the person to whom the statement was made and the approximate time the alleged defamatory statement was made.[20]

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion to Dismiss (Doc. 5) is DENIED without prejudice. Plaintiff shall amend his Petition to cure any defects outlined above, within twenty-one (21) days of the date of this Order.

---

[17] *See id.*; *Marten v. Yellow Freight Sys., Inc.*, 993 F. Supp. 822, 829 (D. Kan. 1998).

[18] *See Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). *Cf. Bryant v. O'Connor*, 848 F.2d 1064, 1068 (10th Cir. 1988) (explaining that although discovery is "strongly favored" before summary judgment is granted, there is no requirement in Fed. R. Civ. P. 56 that summary judgment not be entered until discovery is complete).

[19] (Doc. 14.)

[20] Effective December 1, 2009, Rule 15(a) of the Federal Rules of Civil Procedure was amended to permit a plaintiff to amend a pleading as a matter of course within twenty-one days of service of a responsive pleading or motion under Rule 12(b). After twenty-one days, the plaintiff must obtain leave to amend. Fed. R. Civ. P. 15(a)(1)(B), (2).

**IT IS SO ORDERED.**

Dated: May 24 , 2010

                                                S/ Julie A. Robinson
                                                JULIE A. ROBINSON
                                                UNITED STATES DISTRICT JUDGE